UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

IAN UNDERWOOD,
    Plaintiff,

v.

Case No. 2:13-CV-1029
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Elizabeth P. Deavers

MARSHA PRINCE, f/k/a
MARSHA BLENCOE
    Defendant.

## OPINION AND ORDER

This case came before the Court on Friday, November 22, 2013 for a hearing on Plaintiff's motion for a temporary restraining order. Doc. 3. For the reasons stated in open court, the Court issues the following Preliminary Injunction and **ORDERS**:

1) Plaintiff's motion for the Court to take judicial notice of United Kingdom law is **GRANTED**. Doc. 19.

2) The Court makes the following preliminary findings according to the Hague Convention: (a) the minors at issue in this case, B.U. and A.U., have been wrongfully removed from the United Kingdom; and (b) the children were wrongfully removed less than one year ago; and (c) none of the Hague Convention exceptions that would prevent the minors' return to the United Kingdom applies. *See* Hague Convention on the Civil Aspects of International Child Abduction, *opened for signature*, Oct. 25, 1980, T.I.A.S. No. 11670, 1343 U.N.T.S. 89, 51 Fed. Reg. 10,493, 10,498 (app.B) (March 26, 1986) (the "Hague Convention"); International Child Abduction Remedies Act, 42 U.S.C. §§ 11601–11610 (2000) (codifying the Hague Convention); *Abbott v. Abbott*, 560 U.S. 1, 6 (2010) (applying the above laws in a case with analogous facts).

3) The Court thus **ORDERS** injunctive relief in accordance with the following:

    a. Either Defendant Mrs. Prince elect to return with the children at her expense to the United Kingdom before December 25, 2013, or Plaintiff Ian Underwood will make arrangements for the children to return to the United Kingdom at a date between December 25, 2013 and January 1, 2014;

    b. Mrs. Prince must elect to go with the children or not by December 10, 2013, and she must alert Mr. Underwood accordingly. If she elects not to travel with the children back to the United Kingdom, Mr. Underwood or a close relative at

1

   Underwood's expense must come back to the United States to accompany B.U. and A.U. on their trip to the United Kingdom; if this option applies, Mrs. Prince must cooperate to the extent necessary for Mr. Underwood to arrange for and ensure B.U.'s and A.U.'s travel to the United Kingdom.

4) The Court also **ORDERS** Ian Underwood to begin custody proceedings in the United Kingdom as to B.U. and A.U. This Court expressly notes that it is acting under the Hague Convention and makes no finding as to which parent should be the primary caretaker.

5) Mrs. Prince shall not remove the children from the Southern District of Ohio, other than to return the children to the United Kingdom pursuant to this Order.

6) The following motions are **DENIED AS MOOT**—Plaintiff's motion to appoint a guardian ad litem, doc. 13; Plaintiff's supplemental motion to appoint a guardian ad litem, doc. 15; and Plaintiff's motion to consolidate the preliminary hearing with a trial on the merits, doc. 17.

7) The Clerk is directed to e-mail a copy of this Order to Marsha Prince at the address she has used during the course of the proceedings so far: marshaprince1930@hotmail.com.

8) The Court declines to order a bond in this case.

   **IT IS SO ORDERED.**

11-25-2013
DATE

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE